[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant seeks compliance with its request for production dated December 14, 1992. The plaintiff objected to requests for production numbers 2, 3 and 4 on the ground that the documents sought by the defendant are protected by the attorney-client privilege and the attorney work product doctrine. The subject documents were subsequently filed with the court in a sealed envelope for in camera inspection by this court.
After in camera review, this court rules as follows: Documents 1, 2 and 3 are internal memos between bank employees, and were not prepared by an attorney. As such, these documents are not attorney work product. See Jacques v. Cassidy,28 Conn. Sup. 212, 219 (Super.Ct. 1969). The plaintiff has not argued that documents 1, 2 and 3 are protected by the attorney-client privilege. Thus, documents 1, 2 and 3 constitute documents prepared in the ordinary course of business, and are discoverable pursuant to Practice Book § 218. Documents 4, 5 and 6 constitute attorney work product, as they are communications from the plaintiff's attorney to the plaintiff regarding the plaintiff's attorney's opinions, analysis and thought processes with respect to the pending litigation. Thus, documents 4, 5 and 6 are not discoverable unless the defendant proves substantial need and undue hardship in obtaining the substantial equivalent of these documents.
Ordered accordingly
FORD, JUDGE